IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE: § § § § § § § § § § § § § § § § | Case No. 21-24148-DEB Chapter 11 Adv. Proc. No. _____ |
| GOLDEN TITLE LOAN, LLC, | |
| Debtor. | |
| DANITA HIGGS, | |
| *Plaintiff,* | |
| v. | |
| GOLDEN TITLE LOANS, LLC, | |
| *Defendant.* | |

**COMPLAINT FOR NON-DISCHARGEABILITY
PURSUANT TO 11 U.S.C. § 523(a)(6)**

**INTRODUCTION**

1. Plaintiff, Danita Higgs ("Higgs"), by and through her undersigned counsel, pursuant to 11 U.S.C. § 523(a)(6), § 1192, and Bankruptcy Rules 7001 *et seq.,* seeks a judgment of non-dischargeability against Debtor, Golden Title Loans, LLC ("Debtor"), for a judgment against Debtor signed and filed on November 16, 2021 in the United States District Court for the Western District of Tennessee in the amount of five hundred and seventy-seven thousand five hundred dollars ($577,500.00) plus post-judgment interest at the rate of 0.15 percent per annum, along with costs ("the Judgment"). Attached hereto as Exhibit "A" is a copy of the Judgment.

2. The Judgment was entered in a case styled as *Danita Higgs v. Golden Title Loans, LLC*, Civil Case NO. 2:20-cv-02559-SHL-atc (W.D. Tenn.). The District Court entered the Judgment based upon a finding of Debtor's willful and knowing violations of the Telephone

1

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Attached hereto as Exhibit "B" is a copy of the Court's Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Partial Motion for Summary Judgment in *Danita Higgs v. Golden Title Loans, LLC*, Civil Case NO. 2:20-cv-02559-SHL-atc (W.D. Tenn.) (Dkt. 43) (the "District Court Order").

3.  The District Court found that Golden Title's conduct was willful and knowing because Golden Title "chose to harass Higgs by placing 385 calls to her cell phone over the span of over a year" and concluded that "treble damages [were] not only reasonable, but also appropriate in this case."  Exhibit "B", District Court Order, at 14.

## JURISDICTION AND VENUE

4.  This Adversary Proceeding is brought under Rule 7001(b) of the Federal Rules of Bankruptcy Procedure.

5.  This Adversary Proceeding is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

6.  This Adversary Proceeding arises out of, and is related to, the above captioned Bankruptcy Proceeding.

7.  This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(I), 157(b)(2)(J), and 1334.

8.  Venue of this Adversary Proceeding in this Court is appropriate pursuant to 28 U.S.C. § 1408(a).

## FACTS

9.  On August 3, 2020, Ms. Higgs filed a Complaint against Debtor asserting, *inter alia*, a claim under the TCPA arising out of Debtor's intentional, willful and knowing placement of 385 prerecorded calls to Ms. Higgs' cellular telephone without her express consent.  Attached

hereto as Exhibit "C" is a copy of the Complaint in *Danita Higgs v. Golden Title Loans, LLC*, Civil Case NO. 2:20-cv-02559-SHL-atc (W.D. Tenn.) (Dkt. 1).

10. Section 227(b)(1)(A)(iii) of the TCPA provides that, "[i]t shall be unlawful for any person . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

11. Violations of Section 227(b)(1)(A)(iii) are actionable under 47 U.S.C. § 227(b)(3).

12. Under 47 U.S.C. § 227(b)(3) of the TCPA, a person or entity that violates the TCPA is subject to injunctive relief and is liable for a minimum of $500 in statutory damages per violation of the TCPA, and those damages can be trebled by the Court upon a finding by the Court that the person or entity's violations of the TCPA were willful and/or knowing. *See* 47 U.S.C. § 227(b)(3).

13. On June 17, 2021, Ms. Higgs filed a Motion for Partial Summary Judgment.

14. On October 27, 2021, the District Court granted Ms. Higgs' Motion for Partial Summary Judgment, finding Golden Title knowingly and wilfully violated the TCPA 385 times. *See* Exhibit "B", District Court Order.

15. The District Court made specific findings that Golden Title's violations were willful and knowing and, as a result, trebled damages against Golden Title. *See* Exhibit "B", District Court Order, at 11-14.

16. On November 1, 2021, the District Court entered judgment against Golden Title.

17. On November 16, 2021, the District Court entered an amended judgment against Golden Title clarifying the award to Ms. Higgs as "totaling $577,500, plus post-judgment interest at the rate of 0.15 percent per annum, along with costs." *See* Exhibit "A".

**REASONS FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)**

18. As the District Court determined, Debtor's conduct leading to the Judgment was intentional, willful and knowing. *See* Exhibit "B", District Court Order at 11-14.

19. Debtor had substantial certainty, and it was objectively substantially certain, that placing the calls to Ms. Higgs would improperly interfere with her telephone usage and would cause other damages such as those described in the District Court Order. *See, e.g.,* Exhibit B, District Court Order at 5 ("Higgs made repeated requests for Golden Title to stop calling her cell phone, but the calls continued even after Higgs notified Golden Title that she had repaid her loan and that Robinson was no longer employed there. She also stated that the calls were 'irritating' and that she felt harassed.")

20. Debtor had substantial certainty, and it was objectively substantially certain, that placing the calls to Ms. Higgs would injure Ms. Higgs and/or her property. *See* Exhibit B, District Court Order at 13 ("Golden Title chose not to take . . . reasonable measures and continued to harass Higgs until she filed this action. Given Golden Title's actual knowledge that Robinson was no longer employed yet it called her "work" number 385 times, the Court does not find that Golden Title acted in "good faith."); Exhibit B, District Court Order at 14 ("Golden Title continued to place calls to Higgs' Cell Number despite knowing the number was no longer a valid means to contact Robinson"); Exhibit B, District Court Order at 14 (". . . there is no question that Golden Title should have stopped calling [Ms. Higgs' Cell Number] once it learned [Robinson] was unemployed."); Exhibit B, District Court Order at 14 ("Because Golden Title

4

failed to take this easy step and instead chose to harass Higgs by placing 385 calls to her cell phone over the span of over a year, the Court finds that treble damages is not only reasonable, but also appropriate in this case. There are no issues of fact on this issue , and Higgs is entitled to this relief as a matter of law.")

21. Debtor violated the TCPA without just cause or excuse. *See* Exhibit "B", District Court Order at 13.

22. As noted above, the District Court entered the Judgment against Debtor in the amount of five hundred and seventy-seven thousand dollars ($577,500.00) for, among other things, knowingly and willfully violating the TCPA. *See* Exhibit "A".

23. A debt resulting from a judgment in which the underlying court finds the debtor violated a federal statute willfully or knowingly is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). *See Baltimore-Washington Telephone Co. v. Horne (In re Horne),* Adv. No. 10-4238, 2012 Bankr. LEXIS 3449 (Bankr. E.D. Tex. filed Apr. 11, 2012) (statutory damages under TCPA nondischargeable as willful and malicious injury under §523(a)(6)).

24. Collateral estoppel bars Debtor from relitigating the willful and knowing violations of the TCPA. As explained by the Sixth Circuit, "that Congress intended the bankruptcy court to determine the final result -- dischargeability or not -- does not require the bankruptcy court to redetermine all the underlying facts." *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981).

25. Bankruptcy courts should apply collateral estoppel when "(1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated . . . ." In re Markowitz, 190 F.3d 455, 461 (6th Cir. 1999).

5

26. Under Tennessee state law, "collateral estoppel bars relitigation of an issue if it was raised in an earlier case between the same parties, actually litigated, and necessary to the judgment of the earlier case." *Rally Hill Prods., Inc. v. Bursack* (*In re Bursack*), 65 F.3d 51, 54 (6th Cir. 1995)(citing *Massengill v. Scott*, 738 S.W.2d 629, 632 (Term. 1987)). "[M]aterial facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and . . . such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties." *Booth v. Kirk*, 53 Tenn. App. 139, 381 S.W.2d 312, 315 (Term. Ct. App. 1963)(quoting *Cantrell v. Burnett & Henderson Co.*, 187 Tenn. 552, 216 S.W.2d 307, 309 (Tenn. 1948)).

27. Debtor's willful or knowing violations of the TCPA has been litigated between the parties and is necessary to the Judgment. *See* Exhibits A, B. Accordingly, Debtor is precluded from relitigating those issues before this Court.

## COUNT I
## NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. Section 1192 of the Bankruptcy Code provides: that in the case of a nonconsensual plan, the bankruptcy court shall grant the debtor a discharge of all debts . . . except any debt "<u>of the kind specified in section 523(a) of [Title 11]</u>." 11 U.S.C. § 1192 (emphasis added).

30. Section 523(a)(6) excludes from discharge a debt "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(1)(6).

31. Based upon the Debtor's conduct identified and determined by the District Court, Plaintiff is entitled to a Judgment of Non-Dischargeability under 11 U.S.C. § 523(a)(6) of the Judgment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter, in favor of Plaintiff and against Debtor, a judgment of non-dischargeability under 11 U.S.C. § 523(a)(6) with respect to the Judgment; and award Plaintiff such other and further relief as this Court deems just and proper.

Dated: February 2, 2022

Respectfully submitted,

**THOMPSON BURTON, PLLC**

*/s/ David P. Cañas*
David P. Cañas, Esq. (TN Bar No. 016623)
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Telephone: 615-465-6019
Facsimile: 615-807-3048
david@thompsonburton.com

**THE WEITZ FIRM, LLC**
Eric H. Weitz, Esq.*
Max S. Morgan, Esq.*
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
267-587-6240
215-689-0875 (facsimile)
eric.weitz@theweitzfirm.com
max.morgan@theweitzfirm.com

*Admitted *pro hac vice*

***Attorneys for Danita Higgs***